MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
5420 West Sahara Avenue, Suite 101
Las Vegas, Nevada  89146
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDITH MATTHEWS, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | **CASE NO. 2:24-cv-01930** -APG-DJA<br><br>~~**PROPOSED**~~ **JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(a), the parties, by and through their respective counsel, hereby submit the following proposed Joint Discovery Plan and Scheduling Order:

1. **MEETING:**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(a), a telephonic conference was held on November 13, 2024, and was attended by JOHN C. FUNK, ESQ., of the law firm of MOSS BERG INJURY LAWYERS, on behalf of Plaintiff, JUDITH MATTHEWS (hereinafter "Plaintiff"), SEAN DEROEST, ESQ. of the law firm of BARRON & PRUITT, LLP, on behalf of Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY (hereinafter "Defendant").

2. **PRE-DISCOVERY DISCLOSURES:**

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff made her pre-discovery disclosure, including, but not limited to, any computation(s) of damages required pursuant to FRCP 26(a)(i)(A)(iii), on December 23, 2024. Defendant served its pre-discovery disclosure on December 9, 2024.

3. **AREAS OF DISCOVERY:**

The parties agree that discovery may be conducted on all matters pursuant to Fed. R. Civ. P. 26(b), including, but not limited to, all claims and/or defenses allowed pursuant to the Federal Rules of Civil Procedure and/or Local Rules of Civil Practice.

4. **DISCOVERY PLAN**: The parties propose the following discovery plan:

   1. **Discovery Cut-Off Date:** LR 26-1(b)(1) provides that "Unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require a special scheduling review." This case was not removed to federal court until October 16, 2024 and defendant filed its Answer on October 28, 2024. Thus, the parties agree that 240 days after defendant's answer is an appropriate discovery period and propose **June 25, 2025** as the close of discovery.

      A. **Amending the Pleadings and Adding Parties:** Pursuant to LR 16(b)(2), the parties shall have until **March 27, 2025**, to file any motions to amend the pleadings or to add parties, which is ninety (90) days before the discovery cut-off date.

      B. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and LR 26-1(b)(3) as follows:

         i. **Initial Expert Disclosures:** The disclosure of initial experts and their reports shall occur on or before **April 28, 2025**, which is sixty (60) days before the discovery cut-off date.

         ii. **Rebuttal Expert Disclosures:** The disclosure of rebuttal experts and their reports shall occur on or before **May 28, 2025**, which is thirty (30) days after the initial disclosure of experts.

  **C.** **Dispositive Motions:** Pursuant to LR 26-1(b)(4), the parties shall have until **July 22, 2025**, to file dispositive motions, which is thirty (30) days after the discovery cut-off date.

  **D.** **Pre-Trial Order**: Pursuant to LR 26-1(b)(5), the parties shall file a Joint Pretrial Order on or before **August 22, 2025**, which is not more than thirty (30) days after the date set for the filing of dispositive motions. In the event that any party files a timely dispositive motion, then the date for the filing of the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motion is rendered or upon further order of the Court. The disclosure required by FRCP Rule 26(a)(3), including any and all objections thereto, shall be included in the Joint Pretrial Order.

  **E.** **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

  **F.** **Extensions or Modifications of the Discovery Plan/Scheduling Order**: LR 26-3 governs modification or extensions of this Joint Discovery Plan and Scheduling Order. Any request to extend will be filed at least 21 days before expiration of the subject deadline(s). Any stipulation or motion to extend the discovery cut-off period must be made no later than **June 4, 2025,** 21 days before the discovery cut-off date.

  **G.** **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. At this time, the parties do not believe that there will be a need for discovery of electronically stored information. However, should such discovery be needed, the parties agree that the documents and/or information will be produced in a format that is mutually agreeable between the parties. The parties reserve the right to make a showing for the need of such electronic data as discovery progresses.

**H.    Privileged Disclosures**: At this time, the parties have no issues regarding claims of attorney-client privilege or work-product privilege. In the event the parties assert such a privilege, the parties will comply with all requirements set forth in Fed. R. Civ. P 26(b)(5). With regard to mistakenly produced documents or information, production of documents and disclosure of information, within the context of this lawsuit, shall not waive any claim of privilege, confidentiality or protection, so long as the responding party, at or before the final disposition of the action, identifies any privileged documents or information mistakenly disclosed. Upon such identification: (1) the mistakenly produced documents or information shall be returned to the responding party; (2) the party which mistakenly received the documents or information shall destroy all copies of the same; and (3) no party can assert that the mistaken production waived a claim of privilege or production.

**I.    Authorizations**: Plaintiff will execute and serve to Defendant's counsel provider-specific HIPAA-compliant medical authorizations for the release of patient information dates five (5) years prior to the subject collision.

**J.    Independent Medical Examination**: Defendant hereby reserves the right to have Plaintiff participate in an Independent Medical Examination performed by a doctor to be designated by Defendant, to be determined at a later time, if necessary. Further, Plaintiff reserves the right to object to any such examination based on certain factors, including, but not limited to, date, time, location and/or physician.

**K.    Alternative Dispute Resolution**: Pursuant to LR 26-1(b)(7), the parties certify that they have conferred about the possibility of using alternative dispute resolution processes. The parties agree that at this time the case is not amenable to such processes but that they will continue to meet and confer about alternative dispute resolution as the case and discovery progress.

L. **Alternative Forms of Case Disposition**: Pursuant to LR 26-1(b)(8), the parties certify that they have considered consent to trial by magistrate judge and the use of the short trial program. The matter is not amenable to the short trial program. Further the parties do not consent at this time to trial by magistrate judge.

5. **OTHER ORDERS REQUIRED OF THE COURT**:

None at this time.

**STIPULATED BY:**

DATED this __31st__ day of January, 2025.         DATED this __5th__ day of February, 2025.

**MOSS BERG INJURY LAWYERS**                       **BARRON & PRUITT, LLP**

  /s/ Marcus A. Berg                               /s/ Sean Deroest
MARCUS A. BERG, ESQ.                               WILLIAM H. PRUITT, ESQ.
Nevada Bar No. 9760                                Nevada Bar No. 6783
marcus@mossberglv.com                              bpruitt@lvnvlaw.com
JOHN C. FUNK, ESQ.                                 JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 9255                                Nevada Bar No. 14088
john@mossberglv.com                                jmesrvy@lvnvlaw.com
5420 West Sahara Avenue, Suite 101                 SEAN DEROEST, ESQ.
Las Vegas, Nevada  89146                           Nevada Bar No. 16224
*Attorneys for Plaintiff*                          sderoest@lvnvlaw.com
                                                   3890 West Ann Road
                                                   North Las Vegas, Nevada 89031
                                                   *Attorneys for Defendant*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: __2/6/2025__

5